Rose, C. J.,
concurring:
I concur with the majority’s conclusion that this matter should be remanded for a new penalty hearing because the activation of Hollaway’s stun belt was an arbitrary and prejudicial act that improperly influenced the jury. I believe that giving an additional instruction on the jury’s consideration of mitigating circumstances is appropriate. I write separately, however, because I further conclude that this case should be remanded with special instructions that separate counsel be appointed to represent the State’s interest in ensuring a reliable penalty determination. See New Jersey v. Loedatich, 548 A.2d 939 (N.J. 1988).
Nevada’s statutory scheme includes numerous safeguards to ensure that the death penalty determination is reliable and not given randomly or disproportionately. Indeed, NRS 175.554(3) prohibits a jury from imposing a death sentence in matters where the mitigating circumstances outweigh the aggravating ones. The majority opinion properly observes that the United States Supreme Court requires a jury to be able to consider and give effect to any relevant mitigating evidence. Penry v. Lynaugh, 492 U.S. 302, 328 (1989). I do not see how a jury could fulfill its legal, and perhaps moral, duty of considering the mitigating circumstances when no such evidence is presented.
Further, NRS 177.055(2)(d) compels this court to consider “[wjhether the sentence of death is excessive, considering both *748 the crime and the defendant. ’ ’ (Emphasis added.) This provision not only permits, but requires, this court to consider any mitigating evidence when determining whether a death sentence is excessive. This statutory mandate, however, is thwarted in circumstances where compelling mitigating evidence is neither investigated nor presented at the sentencing phase.
Although we concluded in Colwell v. State, 112 Nev. 807, 919 P.2d 403 (1996), that a criminal defendant is entitled to represent himself in any manner he wishes, we did not address whether the State had an interest in assuring the presentation of mitigating evidence.[1] This court has recognized that Nevada has an interest in preserving life and preventing suicide. See McKay v. Bergstedt, 106 Nev. 808, 801 P.2d 617 (1990). With respect to this issue, I conclude that because the State has a strong interest in protecting against arbitrary implementation of the death penalty, a representative should be appointed for sentencing to prevent such arbitrary imposition of the death penalty. This representative would act as an amicus curiae and investigate and present mitigating factors, thus fulfilling the aforementioned statutory directives that safeguard against random and arbitrary death sentences.

I note, however, that a defendant’s right to control his defense is not without limitations. For example, NRS 177.055(2) mandates that this court review a defendant’s sentence of death, regardless of whether the defendant waived his right to appeal. This statute is protective; it furthers the State’s interest in ensuring that a death sentence was not arbitrarily imposed, regardless of the defendant’s desire to forego such review.